IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Elaine N. Toland,

        **Plaintiff,**

v.                                                            Case No. 05-2409-JWL

John E. Potter, Postmaster General,
United States Postal Service,

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed suit against her employer, the United States Postal Service; she is therefore required to effect service pursuant to Federal Rule of Civil Procedure 4(i)(2)(A), by serving the United States Attorney for District of Kansas, by serving the Attorney General of the United States and by serving the agency itself. While plaintiff has effected service on the agency, it is undisputed that she has not attempted to effect service on the United States Attorney for this district or the Attorney General of the United States. Defendant, then, moves to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 4(m), as more than 120 days has passed since the filing of plaintiff's complaint. The court denies the motion.

In determining whether to dismiss a complaint under Rule 4(m), the court employs a two-step analysis. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service. *Id*. Second, if the plaintiff fails to show good cause, the court may exercise its discretion and either dismiss the case without prejudice or extend the time for service.

*Id*.; *see also* Fed. R. Civ. P. 4 advisory committee notes to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Counsel for plaintiff candidly admits that he neglected to advise his legal assistant to serve the United States Attorney for the District of Kansas and the Attorney General, despite his knowledge, based on 30 years' experience in federal court, that these individuals had to be served.[1] He further concedes that his mistake does not constitute "good cause" within the meaning of Rule 4(m) such that plaintiff would be entitled to a mandatory extension of time. The court considers, then, whether a permissive extension of time is warranted. Plaintiff urges the court to exercise its discretion to extend the time for service, particularly because the statute of limitations for filing her complaint has now expired. The court concludes that such a permissive extension is appropriate here and that plaintiff should be provided an opportunity to cure her failure to effect proper service pursuant to Rule 4(i)(2)(A). In so concluding, the court is guided by the Tenth Circuit's decision in *Espinoza*, which expressly states that the court, in determining whether to grant a permissive extension, should consider the limitations period applicable to the cause of

---

[1] While it is not entirely clear from plaintiff's response, it appears that plaintiff's counsel understands Rule 4(i) to require service on either the United States Attorney for this district or the Attorney General in addition to the agency. The rule, however, requires service on both the United States Attorney for the district as well as the Attorney General. *See Edwards v. Potter*, 2003 WL 245640, at *1 (10th Cir. Feb. 4, 2003) ("To effect service of process on an agency of the United States . . . , the plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district in which the suit is brought and send a copy of the summons and the complaint by registered or certified mail to both the Attorney General of the United States and the applicable officer or agency.").

action.  *See Espinoza*, 52 F.3d at 842; *accord Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) (fact that statute of limitations has run and suit would not be resolved on the merits "is a factor that must be given close attention" in determining whether a plaintiff is entitled to a permissive extension); *see also* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 amendments (relief in the form of a permissive extension "may be justified, for example, if the applicable statute of limitations would bar the refiled action.").

The court, then, declines to dismiss plaintiff's complaint at this time and hereby denies defendant's motion to dismiss.  However, plaintiff's complaint shall be dismissed if plaintiff does not effect proper service and file the requisite proof of service on or before **Friday, May 26, 2006.**  If plaintiff does not file proof of service by that date, defendant may renew its motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. #5) is **denied**; plaintiff is directed to obtain service as set forth in Rule 4(i)(2)(A) and to file the requisite proof of service no later than May 26, 2006.

**IT IS SO ORDERED.**

Dated this 9th day of May, 2006, at Kansas City, Kansas.

                s/ John W. Lungstrum
                John W. Lungstrum
                United States District Judge