IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELAINE N. TOLAND,

    Plaintiff,

v.                                                      Case No. 05-2409-JWL-KGS

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

    Defendant.

## PROTECTIVE ORDER

Plaintiff, Elaine N. Toland, by and through counsel, James L. Wisler, and the Defendant, John E. Potter, Postmaster General, United States Postal Service, by and through counsel, Eric F. Melgren, United States Attorney for the District of Kansas, and Christopher Allman, Assistant United States Attorney for said District, have moved the Court pursuant to the Court's Scheduling Order for an order to permit discovery and disclosure of information, the disclosure of which is regulated by law.

For the purpose of protecting the privacy of the Plaintiff; the current, former and prospective employees of the Defendant United States Postal Service; and other individuals about whom the United States Postal Service and other sources possess protected information, against unreasonable and unprotected disclosure of information pertaining to them, and in accordance with the provisions and objectives of the Privacy Act of 1974, as amended, 5 U.S.C. § 552a; 45 C.F.R. §§ 164.102–164.534; 42 U.S.C. § 1306; or other privacy protections, the Court hereby finds and orders pursuant to 5 U.S.C. § 552a(b)(11), 45 C.F.R. § 164.512(e)(1), and Rule 26(c) of the Federal Rules of Civil Procedure:

1

(1) **Good Cause For Protective Order.**  In an effort to prove allegations of discrimination and retaliation, the Plaintiff may request information about current and/or former employees of the Defendant.   Some of the information to be disclosed, pursuant to Rule 26(a)(1), subpoena, interrogatory, request for production of documents, or other lawful process, may include information the disclosure of which is regulated by law, including Official Personnel Files ("OPF") or portions of such files, other records which are contained within a system of records, and/or medical records.

(2) **Production of Information That May Be Subject To The Privacy Act (5 U.S.C. § 552a), Subject to 45 C.F.R. §§ 164.102–164.534, Subject to 42 U.S.C. § 1306, or Subject to Other Privacy Protections.**  This order is entered to permit the disclosure, pursuant to Rule 26(a)(1), subpoena, interrogatory, request for production of documents, or other lawful process, of any records which are covered by the provisions of the Privacy Act, as amended, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534; the provisions of 42 U.S.C. § 1306; or other privacy protections, including those instances where there is no waiver by a patient to produce the records to any entity other than the United States Postal Service.  Except to the extent that there is any appropriate objection and privilege invoked in response to a request, parties and non-parties shall produce these documents unredacted to the requesting party.  Upon producing these documents, the producing party or non-party shall designate them as "confidential" in the manner set forth in paragraph 4, below.

(3) **Limitations On Use And Disclosure.**  Subject to the provisions of this Protective Order, the parties, including their counsel and their personnel, may use the designated confidential documents (and the information contained therein) only for purposes of the above-captioned litigation, and may disclose such documents and information to non-parties to this

litigation only when the disclosure is reasonably and in good faith calculated to aid in the preparation and/or the prosecution of this litigation.  Disclosure to Plaintiff or to any non-party shall be made only after Plaintiff or a non-party has signed a form of acknowledgment (attached to this Order) stating that he or she has read, understood, and acknowledged his or her agreement to be bound by this Order.  No non-party to whom a designated confidential document is disclosed shall make a copy of a designated confidential document.  Within 90 days of the final conclusion of this litigation (including appeals), Plaintiff and all non-parties shall return all designated confidential documents and all copies, as well as all notes, memoranda, summaries, or other documents containing information from the designated confidential documents, to the party or non-party that produced the designated confidential documents, or shall destroy all such materials and certify in writing to the party or non-party that produced the designated confidential documents that the documents have been destroyed.  Counsel for Plaintiff may retain one copy of all designated confidential documents that were produced to Plaintiff, except for designated confidential documents whose disclosure is regulated by 45 C.F.R. §§ 164.102-164.534.  With respect to designated confidential documents whose disclosure is regulated by 45 C.F.R. §§ 164.102-164.534, counsel for Plaintiff shall either return to the producing party or non-party all designated confidential documents (together with all copies, notes, memoranda, summaries, or other documents containing information from the designated confidential documents) whose disclosure is regulated by 45 C.F.R. §§ 164.102-164.534, or shall destroy such materials and certify in writing to the party or non-party that produced the designated confidential documents that the documents have been destroyed.

(4)     **Designation of Material Subject to this Protective Order.**  To designate "confidential" material covered by this Protective Order, the producing party or non-party shall

so designate on the material itself; in an accompanying cover letter; on a diskette cover; or in a response to a subpoena, interrogatory, request for production of documents, request for admission, or other lawful process, by using the following designation:  "CONFIDENTIAL INFORMATION--SUBJECT TO PROTECTIVE ORDER."  A party may, for good cause shown, challenge the designation of materials as designated confidential documents within 30 days of the date the designated materials are received or, in the event that such materials are first designated as confidential at some date after they were produced, within 30 days of the date that the materials are designated as confidential.  A party may challenge the designation by specifically identifying in writing (to be delivered by hand, mail, facsimile, or e-mail) those materials that the challenging party believes should not be designated confidential documents and the reasons why such materials should not be so designated.  If, after good faith consultation initiated by the challenging party, the challenging party and the producing party or non-party are unable to agree upon which of the challenged documents are to remain designated confidential documents, then the challenging party may file with the Court a motion to remove confidential designation.  A motion to remove confidential designation shall state the date of the consultation, the names of those who participated, the specific results received, and the reasons why the challenged materials should not remain confidential.  The producing party or non-party shall bear the burden of demonstrating that a document should be designated confidential.  Once designated as confidential, materials shall be treated as designated confidential documents under this Protective Order until either the producing party or non-party withdraws the designation in writing, or until the Court orders that the designation is to be removed.

(5)     **Confidential Information in Depositions.**   Parties may show deponents designated confidential documents.   However, efforts should first be made, where practicable, to

conceal the identity of the subject of the record by coding the documents to substitute a numerical or other designation for the patient's name or other identifying information, unless the identity of the subject is specifically relevant to the deposition.  The parties may, within 30 business days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential.  Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the following legend:  "CONFIDENTIAL INFORMATION –SUBJECT TO PROTECTIVE ORDER."  Until expiration of the 30-day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order.  If no party timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions of the transcript and exhibits shall be treated as designated confidential documents.

(6)     **Confidential Information in Documents Filed with the Court and in Open Court.**  A party shall not file designated confidential documents with or submit them to the Court or reproduce their contents in any court filing unless the party has made a good faith effort to redact personal identifying information (including Social Security numbers and full birth dates) contained in designated confidential documents, unless such personal identifying information is specifically relevant to the context (e.g., pleading, hearing, and trial) for which it is submitted.  No confidential information may be disclosed in any pleading or any other item filed with the Court without permission of the Court.  In the event a party wishes to use any information identified as Confidential, including any transcripts of any nature or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed or used in hearings in this action, that party shall file a motion seeking leave to

file such information.  In the event the court grants the party's motion, such information shall be maintained under seal by the court and shall be treated as Confidential Documents containing confidential information shall be filed in the manner required by D. Kan. Rule 5.4.14.

(7) **Modification Permitted.**  Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

(8) **No Waiver**.  The failure to designate any materials as provided in paragraph 4 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(9) **No Ruling on Discoverability Nor Admissibility**.  Nothing in this Protective Order shall constitute a waiver by the parties of any right to object to discovery or admission into evidence of any document or record subject to this Order.  This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.  Nothing in this Protective Order constitutes any decision concerning liability for payment of any costs or production or reproduction of documents.

**IT IS SO ORDERED THIS** 31st  day of August, 2006.

                                             s/ K. Gary Sebelius
                                            K. GARY SEBELIUS
                                            UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELAINE N. TOLAND,

       Plaintiff,

v.                                                 Case No. 05-2409-JWL-KGS

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

       Defendant.

## **AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I _____, hereby acknowledge that I have read and understood the terms of the Stipulated Protective Order that was entered on _____, 2006, by the United States District Court for the District of Kansas in the above-captioned case. By affixing my signature below, I agree to be bound by the terms of the Stipulated Protective Order.

_____
Signature

_____
Date

_____
Street Address

_____  \_\_\_\_\_  _____
City                                State   ZIP